1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10
11 | GARY LEE BJORSTROM,                         | Civil No.   07cv1895-LAB (RBB)
12 |                          Petitioner,
13 |        v.                                    | **ORDER DISMISSING CASE WITHOUT PREJUDICE**
14 | THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,
15 |                          Respondents.
16

17       Petitioner, a state prisoner proceeding pro se, has paid the $5.00 filing fee and has filed
18 a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Petition is subject to
19 dismissal without prejudice because Petitioner has failed to name a proper respondent and has
20 failed to allege exhaustion of state court remedies with respect to all claims presented.  The
21 Court will therefore dismiss the Petition without prejudice to Petitioner to file a First Amended
22 Petition which names a proper respondent and alleges exhaustion of state court remedies.
23       Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On
24 federal habeas, a state prisoner must name the state officer having custody of him as the
25 respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
26 U.S.C. foll. § 2254).  "Typically, that person is the warden of the facility in which the petitioner
27 is incarcerated."  Id.  Federal courts lack personal jurisdiction when a habeas petition fails to
28 name a proper respondent.  See id.

1    The warden is the typical respondent. However, "the rules following section 2254 do not
2 specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
3 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
4 institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
5 petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
6 be the state officer who has official custody of the petitioner (for example, the warden of the
7 prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

8    Here, Petitioner has incorrectly named "The People of the State of California" and "Jerry
9 Brown, the Attorney General of the State of California" as Respondents. A long standing rule
10 in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the
11 State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the]
12 custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126
13 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian
14 of the state prisoner, the person who will produce "the body" if directed to do so by the Court.
15 "Both the warden of a California prison and the Director of Corrections for California have the
16 power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

17    Additionally, the Attorney General of the State of California, is not a proper respondent
18 in this action. Rule 2 of the Rules following § 2254 provides that the state officer having
19 custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254.
20 However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under
21 the state-court judgment being contested, the petition must name as respondents both the officer
22 who has current custody and the attorney general of the state where the judgement was entered."
23 Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the
24 Attorney General as a respondent in this action.

25    In order for this Court to entertain the Petition filed in this action, Petitioner must name
26 the warden in charge of the state correctional facility in which Petitioner is presently confined
27 or the Director of the California Department of Corrections and Rehabilitation. Brittingham v.
28 United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Court

1  **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper
2  respondent. To have this case reopened, Petitioner must file a First Amended Petition no later
3  than **December 31, 2007** in conformance with this Order.
4  Further, the Court notes that Petitioner may not be able to simply amend his Petition to
5  state a federal habeas claim and then refile the amended petition in this case. He must exhaust
6  state judicial remedies before bringing his claims via federal habeas. Habeas petitioners who
7  wish to challenge either their state court conviction or the length of their confinement in state
8  prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer,
9  481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must
10 present the California Supreme Court with a fair opportunity to rule on the merits of every issue
11 raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-
12 34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court,
13 how one or more of his or her federal rights have been violated. The Supreme Court in Duncan
14 v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to
15 correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that
16 the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis
17 added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a
18 state court trial denied him [or her] the due process of law guaranteed by the Fourteenth
19 Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366
20 (emphasis added).
21 Here, although Petitioner indicates that he has presented claim 1 to the state supreme
22 court on direct appeal, he indicates that he has not presented claims 2 and 3 to the state supreme
23 court. (See Pet. at 6-9.) Although Petitioner states that he is unable to present such claims on
24 direct review (see Pet. at 5), he has not attempted to explain why he is, or was, unable to present
25 those claims to the state supreme court though post-conviction collateral review proceedings,
26 such as a habeas corpus petition. Therefore, Petitioner has failed to allege exhaustion with
27 respect to these claims. The burden of pleading that a claim has been exhausted lies with the
28 petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct (2006). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies and has not named a proper Respondent.

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to name a proper respondent and failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must file a First Amended Petition no later than **December 31, 2007**, that cures the pleading deficiencies set forth above. Petitioner is advised that if he has not alleged exhaustion of his state court remedies before **December 31, 2007**, he will have to start over by filing a completely new habeas petition in this Court. See In re Turner, 101 F.3d 1323 (9th Cir. 1997). The Clerk shall send a blank First Amended Petition form to Petitioner with this Order.

**IT IS SO ORDERED.**

DATED: October 31, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge