1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GARY LEE BJORSTROM,

Plaintiff,

vs.

F. GONZALEZ,

Defendant.

CASE NO. 07cv1895-LAB(AJB)

**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gary Lee Bjorstrom (hereinafter "Petitioner"), a state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 29, 2008, Respondent filed an answer. On March 12, 2008, Petitioner filed a traverse to the petition. This Court has reviewed the petition for writ of habeas corpus, Respondent's answer, Petitioner's traverse and all supporting documents. After a thorough review, this Court **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED**.

## Background

On June 28, 2006, Petitioner was charged with one count of possession for sale of a controlled substance in violation of California Health and Safety Code section 11351; one count of possession of a controlled substance in violation of California Health and Safety Code section 11377(a); one count of resisting an executive officer in violation of California Penal Code section 69; one count of possession of paraphernalia used for narcotics in violation of California Health and Safety Code section 11364; and one count of unauthorized possession of a hypodermic needle or syringe in

1   violation of California Business and Professions Code section 4140.  (Lodgment 1 at 1-5.)  It was also

2   specially alleged that as to the possession for sale charge, Petitioner had prior convictions for violating

3   California Health and Safety Code sections 11351 and 11352 within the meaning of California Health

4   and Safety Code section 11370.2(a) and California Penal Code section 1203.07(a)(11).  (Id.)

5          On September 25, 2006, Petitioner entered negotiated guilty pleas to possession for sale and

6   resisting arrest.  (Id. at 72-75, 111.)  He also admitted a prior narcotics conviction.  (Id.)  On October

7   24, 2006, the trial court sentenced Petitioner to prison for an aggregate determinate term of six years.

8   (Id. at 112.)

9          The court of appeal affirmed the judgment on June 5, 2007.  (Lodgment 4.)  On July 6, 2007,

10  Petitioner filed a petition for review with the California Supreme Court.  (Lodgment 5.)  On August

11  16, 2007, the California Supreme Court denied the petition for review without comment or citation.

12  (Lodgment 6.)

13         On November 26, 2007 Petitioner filed a first amended petition for writ of habeas corpus in

14  this Court arguing that his guilty plea was coerced by the trial court.  Respondent filed an answer on

15  February 29, 2008 contending that Petitioner's claim is procedurally defaulted.  On March 12, 2008,

16  Petitioner filed a traverse.

17                                              **Discussion**

18  **A.     Procedural Default**

19         Respondent argues that Petitioner's claim, that his guilty plea was not voluntary and knowing

20  because the trial court improperly pressured him to change his plea, is procedurally defaulted and

21  barred from federal review.  Petitioner contends that his claims are not procedurally barred because

22  his incompetent attorney failed to request a certificate of probable cause to challenge his guilty plea

23  under California Penal Code section 1237.5.

24         The procedural default doctrine "bar[s] federal habeas when a state court decline[s] to address

25  a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement."

26  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  The doctrine "is a specific application of the

27  general adequate and independent state grounds doctrine."  Wells v. Maass, 28 F.3d 1005, 1008 (9th

28  Cir. 1994).  Under the adequate and independent state grounds doctrine, federal courts "will not

review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729; see also LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000).

For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law. Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Harris v. Reed, 489 U.S. 255, 265 (1989). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)). For a state procedural bar to be "adequate," the state procedural rule must be "firmly established and regularly followed." Poland v. Stewart, 169 F. 3d 573, 577 (1998); Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996).

The California Supreme Court denied Petitioner's petition for review without a citation or comment. (Lodgment 6.) Therefore, this Court must look to the last reasoned state court decision and presume that the unexplained opinion rests upon the same ground. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). The last reasoned state court decision was issued by the Court of Appeal on June 5, 2007. (Lodgment 6.) The Court of Appeal affirmed the judgment holding that Petitioner could not challenge the validity of his guilty plea because he did not first obtain a certificate of probable cause as required under California Penal Code section 1237.5. (Id.)

California Penal Code section 1237.5 provides:

> [n]o appeal shall be taken by the defendant from a judgment of conviction under a plea of guilty . . . except where both of the following are met: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

Cal. Penal Code § 1237.5. The California Supreme Court has held that section 1237.5 should be applied in a strict manner and that a defendant may not obtain review of the validity of a guilty plea unless he has *fully and timely* complied with section 1237.5. People v. Mendez, 19 Cal. 4th 1084, 1099 (1999) (emphasis added) (stating "[i]f he has complied only 'substantially,' he has not complied

1  sufficiently; and if he has not complied sufficiently, he has not complied at all.")  The court explained

2  that section 1237.5 is procedural in nature and its purpose is to promote judicial economy by screening

3  out frivolous guilty plea appeals before time and money are expended on the appeal.  Id. at 1095.

4          The court of appeal stated that it affirmed the trial court's judgment because Petitioner

5  failed to obtain a certificate of probable cause to challenge the validity of his guilty plea pursuant to

6  California Penal Code section § 1237.5.  Section 1237.5 does not rest on federal law and is not

7  interwoven with federal law.  Therefore, section 1237.5 is independent of federal law.  The court of

8  appeal's reasoning is also adequate because the California Supreme Court has held that the section

9  1237.5 is to be strictly applied.  See Mendez, 19 Cal. 4th at 1099.  Since Mendez, California courts

10  have also regularly followed this requirement.  See In re Chavez, 30 Cal. 4th 643, 650 (2003); People

11  v. Navarro, 161 Cal. App. 4th 1100, 1105 (2008).  Therefore, section 1237.5 is an adequate and

12  independent ground to support the state court's judgment.  See Strong v. Sullivan, 2008 WL 205299

13  (9th Cir. January 23, 2008) (affirming district court's dismissal of a petition for writ of habeas corpus

14  because Petitioner failed to show cause and prejudice to overcome state procedural bar by failing to

15  comply with California Penal Code § 1237.5).  Therefore, Petitioner has procedurally defaulted his

16  federal claim in state court.

17          In cases where a state prisoner has defaulted his federal claims in state court pursuant to an

18  independent and adequate state procedural rule, "federal habeas review of the claims is barred unless

19  the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

20  violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

21  miscarriage of justice."  Coleman, 501 U.S. at 750.

22          Petitioner claims that his attorney's incompetence caused him to fail to obtain a certificate of

23  probable cause to challenge the validity of his guilty plea.   In Murray v. Carrier, the United States

24  Supreme Court addressed what attorney error constitutes cause under the procedural default doctrine.

25   Murray v. Carrier, 477 U.S. 478, 486-87 (1986).  "[T]he mere fact that counsel failed to recognize

26  the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not

27  constitute cause for a procedural default."  Id. (attorney ignorance or inadvertence does not constitute

28  cause for procedural default).  The court explained there is no inequity in requiring Petitioner to bear

1    the risk of attorney error.  Id. at 488.  However, a constitutionally deficient counsel under the Sixth

2    Amendment is cause for a procedural default.  Id. at 488.

3          The existence of cause must be determined on "whether the prisoner can show that some

4    objective factor external to the defense impeded counsel's efforts to comply with the States's

5    procedural rule."  Id. at 488.  For example, showing that the factual or legal basis for a claim was not

6    reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance

7    impracticable."  Id.  If Petitioner has shown cause, the prejudice prong requires "not merely that the

8    errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial

9    disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v.

10   Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting United States v. Frady, 456 U.S. 152, 170

11   (1982)).

12         Petitioner states that he was unaware of the certificate requirement and was prejudiced by his

13   attorney's incompetence in obtaining one.  He also generally states that the it was the attorney's duty

14   to file a proper appeal and his effort was well below the standard.  Petitioner appears to be implying

15   that his counsel provided ineffective assistance of counsel.  To establish ineffective assistance of

16   counsel, a petitioner must show that (1) "counsel made errors so serious that counsel was not

17   functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment", and (2) "the deficient

18   performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).

19         Petitioner makes general allegations and has not provided enough facts or evidence to support

20   such a claim. He does not provide the background on how his appeal was filed, which attorney, trial

21   or appellate counsel, he claims failed to obtain the certificate of probable cause in light of the fact that

22   Petitioner, himself, initially filed the notice of appeal in *pro per*.  (Lodgment 1 at 97.)  He does not

23   explain whether he had informed his counsel that he was going to appeal the validity of the guilty plea.

24   Petitioner has failed to allege any facts to establish that counsel's conduct amounted to ineffective

25   assistance of counsel under the Sixth Amendment.

26         Accordingly, the Court concludes that Petitioner has failed to show cause and prejudice to

27   prevent his claim from being procedurally barred in this Court.  In addition, Petitioner does not argue

28   that the claim is necessary to prevent a fundamental miscarriage of justice.  See Coleman, 501 U.S.

1   at 750.  Accordingly the Court concludes that Petitioner has procedurally defaulted his federal claim

2   in state court.

3                                        **Conclusion**

4          Based on the foregoing, the undersigned Magistrate Judge recommends that the petition for

5   writ of habeas corpus be **DENIED** and **DISMISSED**.  This report and recommendation is submitted

6   by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant

7   to the provisions of Title 28, United States Code, section 636(b)(1).

8          **IT IS ORDERED** that no later than **June 27, 2008**, any party to this action may file written

9   objections with the Court and serve a copy on all parties.  The document should be captioned

10  "Objections to Report and Recommendation."

11         **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

12  and served on all parties no later than **July 11, 2008**.  The parties are advised that failure to file

13  objections within the specified time may waive the right to raise those objections on appeal of the

14  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15  IT IS SO ORDERED.

16

17  DATED:  May 28, 2008

18                                        _____

19                                        Hon. Anthony J. Battaglia
                                          U.S. Magistrate Judge
20                                        United States District Court

21

22

23

24

25

26

27

28