# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE BJORSTROM,<br><br>　　　　　Petitioner,<br>vs.<br><br>F. GONZALEZ,<br><br>　　　　　Respondent. | CASE NO. 07CV1895-LAB (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed his petition for writ of habeas corpus, which he then amended. Pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d), this matter was referred to Magistrate Judge Ruben Brooks for report and recommendation. After receiving Respondent's answer and Petitioner's traverse, Judge Brooks issued his report and recommendation (the "R&R"), recommending denial of the petition.

**I.  Legal Standards**

A district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). A party objecting to the recommended disposition of the matter may "serve and file specific written

1    objections to the proposed findings and recommendations," and "a party may respond to
2    another party's objections." Rule 72(b). "[T]he court shall make a de novo determination of
3    those portions of the report or specified proposed findings or recommendations to which
4    objection is made." 28 U.S.C. § 636(b)(1). That statutory provision does not require that the
5    district court conduct some lesser review when no objections are filed. *Thomas v. Arn*, 474
6    U.S. 140, 149–50 (1985); *but see Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007)
7    (holding the magistrate's conclusions of law are reviewed de novo, regardless of whether any
8    party has filed objections thereto).

9    **II.    Discussion**

10    The basis for the recommended denial was the finding that Petitioner had
11    procedurally defaulted, barring this Court's review. The R&R correctly notes the independent
12    and adequate state ground doctrine "bar[s] federal habeas when a state court decline[s] to
13    address a prisoner's federal claims because the prisoner [has] failed to meet a state
14    procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). The R&R
15    looked to the last reasoned state court decision, *see Ylst v. Nunnemaker*, 501 U.S. 797,
16    801–06 (1991), which was issued by the California Court of Appeal. That decision held that
17    Petitioner had not complied with the procedural requirement that he first obtain a certificate
18    of probable cause as required under Cal. Penal Code § 1237.5, and therefore could not
19    challenge the voluntariness of his guilty plea. California courts strictly require full and timely
20    compliance with § 1237.5. *People v. Mendez*, 19 Cal.4th 1084, 1099 (1999).    Assuming
21    the R&R's analysis is correct, Petitioner's procedural default in state court bars this Court
22    from granting habeas relief.

23    Petitioner filed objections to the R&R, in which he says he told his counsel he wished
24    to prosecute an appeal but his counsel failed to obtain the required certificate of probable
25    cause. (Obj. to R&R, 1:23–3:6.) He therefore cites *People v. Pinon*, 96 Cal.App.3d 904, 908
26    n.4 (Cal. App. 2. Dist., 1979) (citing *People v. Ribero*, 4 Cal.3d 55, 65 (1971)) for the
27    principle that he is entitled to relief from the default. He claims he repeatedly brought this
28    issue up to state courts.

The Court has reviewed the record and finds that while Petitioner argued to state courts that his attorney was at fault for failing to obtain a certificate of probable cause, he never sought relief from the default by attempting to obtain one even after he knew of the requirement. Although he filed his own brief in the state court of appeal and supreme court, no statement that might satisfy the requirements of § 1237.5 appears in the record.[1]

While will likely be of little comfort to Petitioner, it appears unlikely a certificate would have bee granted had he sought relief from the default. Where counsel has failed to obtain a certificate of probable cause, California courts first ask whether counsel's representation fell below an objective standard of reasonableness and, if so, whether there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Berryman*, 6 Cal.4th 1048, 1081 (1993), overruled on other grounds in *People v. Hill*, 17 Cal.4th 800, 823 n.1 (1998). A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *People v. Adkins*, 103 Cal.App.4th 942, 950 (2002).

Petitioner's counsel's failure to obtain a certificate of probable cause did not fall below an objective standard of care and, even if it had, there is no reasonable probability the outcome would have been different. Even if Petitioner had properly submitted a statement under penalty of perjury contending he was coerced into pleading guilty, the trial court would likely have rejected it as having an inadequate factual basis.

Petitioner's claim is based on his perception that the trial judge coerced him into pleading guilty to two counts rather than going to trial on five. The pertinent discussion between the trial judge and Petitioner's trial counsel, Mr. Gilham, was as follows:

> The Court: Are you ready to go on this [trial]? Before we do, let me just say Mr. Gilham, that, for the record, we met informally in chambers and there was some discussion between counsel about [a] potential plea in this matter, in which case I would send it back to Department 31.

---

[1] Petitioner attaches a blank form on which a § 1237.5 statement may be submitted as an exhibit to his Objections to the R&R. (Obj. to R&R, Ex. 8–9.) No completed form was found, however. If Petitioner thought either the trial court or the court of appeal had overlooked a statement he submitted, he never mentioned this to the California supreme court nor did he attach anything to his petition for review that would have put that court on notice of it. (Pet. for Review in Cal. Supreme Ct. (Lodgment 5).)

And I take it the defendant wants to go forward. And I take it, based on that, that you've advised him that things could get worse if he's convicted in this court. And he knows that, I take it.

Mr. Gilham: Well, I haven't, Your Honor —

The Court: Well, all I'm saying is I've really not participated in any sentencing discussion with either counsel.

If there is going to be a plea, this case is going to go back to Judge Danielsen for a plea and sentencing.[2] However, if it goes forward, then obviously there are no negotiations, and have been none with me. And potentially the defendant could end up in a worse position than he potentially is right now.

I just want to make sure he knows that it could get worse.

Mr. Gilham: Okay. Well, let me talk to him. See what he says, Your Honor.

The Court: Okay. I don't want to force a plea. It's just that I've not really participated in any discussions about plea agreements, sentencing. I've given no indication whatsoever of what I would do in this case if he is convicted.

So I just want to make sure that he understands that things could get worse. I'm not saying they will. I'm just saying they could get worse.

Mr. Gilham: I understand, Your Honor.

The Court: If you want to talk to him about it, go ahead.

Mr. Gilham: He's kind of hard of hearing.

Mr. McNees: I'll step outside.

The Court: We'll leave the Courtroom.

Mr. Gilham: All right.

(Change of Plea Hr'g. Tr. (Lodgment 7), 1:14–2:23.) At this point a recess was taken, when Petitioner conferred privately with his attorney.

/ / /

/ / /

/ / /

---

[2] The judge presiding at this hearing, Judge Bernard Revak, would have served as trial judge had Petitioner gone to trial, but if he chose to plead guilty, Judge David Danielsen would accept the plea and sentence him. Nothing in the record suggests Judge Revak could control or influence the sentence Judge Danielsen would impose or that Petitioner had any reason to think he could.

Although he did not do so in any depth in the California court of appeal,[3] Petitioner now focuses on three sentences divorced from their context to infer that the judge was threatening him to persuade him to plead guilty. (Change of Plea Hr'g Tr., 1:19–22, 2:1–4, 2:14–16.) He does not explain what he thought the judge was threatening, but simply points to the transcript as if the threat were self-evident, though it is not.

The context makes clear the judge knew nothing of what had been discussed in plea negotiations and was concerned to discover Petitioner's trial counsel had not yet discussed with Petitioner the risks of going to trial. The risks were acute, because if Petitioner had been convicted on all five counts he faced greater exposure than if he accepted the plea bargain and pleaded guilty to two counts while admitting a prior conviction. (R&R, 1:23–2:6.) The judge's remarks were addressed to Mr. Gilham, not to Petitioner, and the judge's repeated disclaimers make clear he was considering only whether Petitioner's attorney had adequately advised him, not signaling an intention to treat Petitioner unfairly or vindictively.

The judge's remarks also point out "things could get worse" because of the possibility of conviction, and not for some other reason. Obviously, things would have been worse for Petitioner had he been convicted of five counts rather than pleading guilty to two. This fact by itself was not coercive, however. While another judge in similar circumstances might have conveyed the same message to counsel in milder terms and with less repetition, Judge Revak's admonitions to counsel do not amount to threats, and nothing in them can reasonably be construed as saying that anything bad would happen to Petitioner unless and until he was convicted. And in any event, Petitioner says he expected to be acquitted, so it is unclear what he thought would happen to him.

---

[3] In his Supplemental Brief on Appeal, Petitioner primarily pursued the theory that any involvement by the trial judge in plea discussions is *ipso facto* coercive. (Lodgment 3, 3:25–26 (citing Fed. R. Crim. P. 11).) Other than quoting the judge's words in isolation, he never provided the court of appeal with any information suggesting any objective reason why he would have felt threatened or terrified. Rather, he merely asserted that he was coerced, that he "surely would have went [*sic*] forward to trial if not for the judge[']s intervention." (*Id.*, 3:19–20.) He added tentatively "Judicial intervention may coerce the Defendant into an involuntary plea that he would not otherwise enter." (*Id.*, 3:20–21.) He also argued that he should be allowed to replead "without having to show that actual prejudice has resulted from the [judge's] participation." (*Id.*, 3:27–4:2.)

1  Petitioner also points to Mr. Gilham's letter requesting the appointment of new
2  counsel and giving as the reason, "I will probably be as a witness in the case," (Second Am.
3  Notice of Appeal (Lodgment 8) at 2) which he argues means Mr. Gilham would "testify as to
4  the court[']s coercing the attorney and petitioner to plea the case out." (Obj. to R&R at
5  3:25–4:1.) Mr. Gilham's letter does not, however, say or even imply he might testify that
6  Petitioner was coerced. If anything, it suggests the possibility Mr. Gilham's interests might
7  diverge from his client's, *e.g.*, if his testimony were likely to be at least somewhat adverse.
8  In his state court habeas petitions Petitioner also relied heavily on federal law in
9  support of his argument that California's trial judges are not permitted to have any part in
10 plea discussions. (Suppl. Br. on Appeal, 3:5–4:2; Pet. for Review in Cal. Supreme Ct.,
11 2:14–3:7.) His reliance is misplaced, however: Unlike federal judges, California state judges
12 are permitted be involved in plea negotiations though they must remain neutral. *See, e.g.,*
13 *People v. Sandoval*, 140 Cal.App.4th 111, 124 (Cal. App. 4 Dist. 2006). Here, the judge's
14 remarks do not even clearly constitute involvement in plea negotiations, but were primarily
15 a discussion of whether Petitioner intended to plead and whether he had been properly
16 advised. Because Petitioner relied on inapplicable law and assumed any judicial discussion
17 of pleas was necessarily coercive, the certificate likely would have been refused on this basis
18 as well.

19 **III.  Conclusion and Order**

20  In *People v. Patterson*, 151 Cal. App.3d 252, 256 (Cal. App. 1 Dist. 1984), the
21 California court of appeal found a criminal appeal was procedurally barred, noting
22 "Defendant in the instant case filed his notice of appeal for sentencing only, never sought
23 a certificate of probable cause, and has never sought relief in this court from his default for
24 failing to seek such a certificate." Here, too, Petitioner has not only failed to seek a
25 certificate of probable cause, but has also failed to seek relief in state court from his default.
26 / / /
27 / / /
28 / / /

1 |     Petitioner's objections are therefore **OVERRULED**. The Court has reviewed the R&R,
2 | finds it to be correct, and **ADOPTS** it.  The petition is **DENIED**.
3 |     **IT IS SO ORDERED**.
4 | DATED:  May 4, 2009
5 |
6 |     *[signature: Larry A. Burns]*
    **HONORABLE LARRY ALAN BURNS**
    United States District Judge
7–28 |